UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

VELLANO BROS., INC,

Plaintiff

v.

R.O.C. CONSTRUCTION CO., INC. and
ROCCO IZZO, JR.

Defendants.

Civil Action

CA 07 363T

**COMPLAINT**

1. Plaintiff Vellano Bros, Inc. ("Vellano") is a corporation organized under the laws of the State of New York, authorized to conduct business in the State of Rhode Island, with its principal place of business at 7 Hemlock Street, Latham, NY.

2. Defendant R.O.C. Construction Co., Inc. ("R.O.C.") is a corporation organized under the laws of the State of Rhode Island with its principal place of business at 60 Dyerville Avenue, Johnston, Rhode Island.

3. Defendant Rocco Izzo, Jr. is a citizen and resident of Rhode Island residing in Cranston, Rhode Island. Defendant Izzo is a corporate office and shareholder of R.O.C.

4. This Court has jurisdiction over the subject matter of this case under 28 U.S.C. §1332, as the plaintiff is a citizen of New York, the defendant is a citizen of Rhode Island and more than $75,000, exclusive interest and costs, is in dispute.

5. Plaintiff sold and supplied certain pipe and materials to R.O.C. that were used in connection with certain construction projects including Newport Career and Technical High School, Tiverton High School and Roger Williams Park.

6. The terms of sale required that R.O.C. pay within thirty (30) days, imposed a service charge of 1½% per month thereafter on invoices thirty (30) days past due, and obligated R.O.C. to pay attorneys' fees and costs for collection. A true copy of the terms governing the sales from Vellano to R.O.C. is attached hereto as Exhibit A.

7. Of the materials sold by Vellano to R.O.C. at least $81,513.90 worth was used but for which R.O.C. has not paid.

8. Vellano is not aware of any defense on the part of R.O.C. to its liability in the amount of $81,513.90.

9. To date R.O.C. has breached the parties' agreement and failed and refused to pay Vellano despite repeated demands for payment.

COUNT ONE

10. Vellano represents and re-alleges herein the allegations contained in paragraphs 1 through 9 above as set forth in full herein.

11. R.O.C. has breached its contractual obligations and owes $81,513.90, interest and attorneys fees and costs.

COUNT TWO

12. Vellano represents and re-alleges herein the allegations contained in paragraphs 1 through 11 above as set forth in full herein.

13. In order to induce Vellano to supply materials to R.O.C., defendant Izzo executed a personal guarantee. Exhibit B.

14. Pursuant to terms of the personal guarantee, Izzo is liable to Vellano for all attorneys' fees, costs and sums owed to Vellano by R.O.C.

WHEREFORE, plaintiff demands that it be awarded monetary damages, interest, costs, and attorneys' fees including interest accruing pursuant to the terms of the contract and any and all other relief deemed just and proper by the Court.

Vellano Bros., Inc.

By its attorneys,

William E. O'Gara, Esq. (#4257)
Thomas R. Gonnella, Esq. (#7605)
Pannone Lopes Devereaux LLC
317 Iron Horse Way, Suite 301
Providence, RI 02908
(401) 824-5117
Fax: (401) 824-5123

Doc #6879

# EXHIBIT A

**ALL SALES WILL BE SUBJECT TO THE FOLLOWING TERMS**

RETURNED MATERIAL: When orders have been filled as specified, no goods may be returned by purchaser nor will any credit be allowed, unless written consent has first been obtained from a representative of Vellano Bros., Inc. and/or A. J. Vel., Ltd (hereinafter referred to as the Companies). When so obtained, the Companies' present policy, subject to change without further notice, is to accept returned material if it, in their sole discretion, finds such material to be standard stock and in good condition. Such credit, in the Companies' sole discretion, shall be the invoice price less twenty-five (25) percent on accepted material, less all shipping and handling charges. In all other cases, the credit, in the sole determined by the Companies shall be the scrap value of the goods, less shipping and handling charges.

MANUFACTURERS WARRANTY: Goods sold by the Companies are covered by the manufacturer's warranty and are covered only to the extent of the manufacturer's warranty. This manufacturer's warranty which is given expressly and in lieu of all other warranties, expressed or implied, of merchantability and fitness for particular purpose, constitutes the only warranty made by he Companies and provided to purchaser.

TRUST FUND AND JOB BILLING: The Companies' policy is to rely upon the trust fund provisions of Federal and State laws requiring that contractors receiving payments on jobs use such funds to pay their suppliers. The Companies will, therefore, require information identifying each job, so that separate bills can be rendered for each project.

SERVICE CHARGE: A service charge of 1-1/2% per month (18% per year) will be billed to your account on all invoices thirty (30) days past due.

TERMS OF PAYMENT: Terms are net thirty (30) days from invoice date. The Companies reserve the right to demand payment in full with all accrued service charges at any time after the first service charge has accrued. PURCHASER AGREES TO PAY COMPANIES' ATTORNEY'S FEES TOGETHER WITH ALL COSTS AND DISBURSEMENTS INCURRED IF THE ACCOUNT IS PLACED WITH AN ATTORNEY FOR COLLECTION

This agreement will be governed by, construed and enforced in accordance with Federal Law and the Laws of the State of New York. Credit has been provided Purchaser in the State of New York. Purchasers hereby waives the right to a jury trial in any action or proceeding brought by either party against the other in the enforcement of this agreement.

The undersigned understands that the information provided in this application is being submitted for the purpose of obtaining credit from the Companies and hereby authorizes the investigation of this information. The Purchaser also authorizes the Companies or their representatives to utilize this document as authority and written consent to obtain credit history from third parties now and at any time in the future while the account is active. If the Purchaser utilizes the Companies for a credit reference, the Purchaser hereby authorizes and consents to the Companies providing said information to any third party as requested.

The undersigned thoroughly and completely understands and agrees to the above terms and conditions of credit with the Companies and is duly authorized by the customer to execute this document and bind customer to Companies' terms.

R.C.C. Construction
Name of Customer

By: [signature]
Signature and Title

DATE 6/29/04

# EXHIBIT B

**PERSONAL GUARANTEE**

To the Companies:

In consideration of you selling materials and merchandise to ______________________________ ______________________________ (hereinafter "customer"), the undersigned individual personally guarantees to you, your successors and assigns, the prompt payment of all sums as and when due from the above named customer, without first requiring you to proceed against said customer and the undersigned individually and personally guarantees payment of all subsequent purchases by said customer from you, as well as any and all obligations previously incurred or to be incurred by said customer.

I waive all notices including notice of acceptance hereof and of defaults in payment and agree that my individual personal liability shall not be impaired by any extension of the time or other indulgence to any obligor or by any exchange or substitution of goods.

**I agree to pay attorney's fees, costs and disbursements incurred by Vellano Bros., Inc. or A. J. Vel., Ltd. in the event that you retain an attorney to enforce this agreement. This agreement will be governed by, construed and enforced in accordance with Federal Law and the Laws of the State of New York. I hereby waive the right to a jury trial in any action or proceeding brought by either party against the other in the enforcement of this agreement.**

**THIS IS A CONTINUING PERSONAL GUARANTEE.** Any changes or modifications including substitution of guarantor or the termination of the guarantor's obligations under this agreement can only be obtained by the written consent of Vellano Bros., Inc. and/or A. J. Vel., Ltd.

______________________________ Guarantor
(signature without title)

Upon execution Guarantor acknowledges receipt of a completed copy of this Personal Guarantee.

SS No.: ______

WITNESS: Correen Ranallo
(signature)

Correen Ranallo 6/29/04
(print name) Date